UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,                    Docket No. 03-1322 (SJ)

    -against-

MOHAMMED ALI HASSAN AL-MOAYAD
and MOHAMMED MOHSEN YAHYA ZAYED,

                      Defendants.
----------------------------------------------------------X


## DEFENDANTS' REQUESTS TO CHARGE


Jonathan Marks, Esq.
220 Fifth Avenue, 3rd Floor
New York, NY 10001

Attorney for Defendant
    Mohammed Mohsen Yahya Zayed

**Howard Jacobs, Esq.**
401 Broadway, Suite 1902
New York, NY 10013

William H. Goodman, Esq.
740 Broadway
New York, NY 10003

Attorneys for Defendant
    Mohammed Ali Hassan Al-Moayad


Date: New York, New York
      January 31, 2005

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

UNITED STATES OF AMERICA,                          Docket No. 03-1322 (SJ)

     -against-

MOHAMMED ALI HASSAN AL-MOAYAD
and MOHAMMED MOHSEN YAHYA ZAYED,

                                   Defendants.

---------------------------------------------------------X

### DEFENDANTS' REQUESTS TO CHARGE

Defendants Al-Moayad and Zayed respectfully submit the following proposed jury instructions:

**Attempt To Commit a Crime – General Instruction**

In order to prove the charge of attempting to commit the crime of providing material support to a designated foreign terrorist organization, the government must prove the following two elements beyond a reasonable doubt:

First, that the defendant *you are considering* intended to commit the crime of providing material support to a designated foreign terrorist organization; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action  which was a substantial step toward the commission of that crime.

In determining whether *actions of defendant you are considering* amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

1 L. Sand, *et al.,* Modern Federal Jury Instructions 2004 ¶10.01
(Modifications are in italics)

## Entrapment

*Each of the defendants* asserts as a defense that he was the victim of entrapment by an agent of the government. *I instruct you that a confidential informant is an agent of the government.* While the law permits government agents to trap an unwary criminally-minded person, the law does not permit the government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded him to commit the crime, and if he was not ready and willing to commit the crime before the *confidential informant or informants* first spoke with him.

On the other hand, if the defendant *you are considering* was ready and willing to violate the law, and the government merely presented him with an opportunity to do so, that would not constitute entrapment.
Your inquiry on this issue should first be to determine if there is any evidence that a government agent took the first step that led to a criminal act. If you find there was no such evidence, there can be no entrapment and your inquiry on this defense should end there.

If, on the other hand, you find some evidence that a government agent *or confidential informant* initiated the criminal acts charged in the indictment, then you must decide if the government has satisfied its burden to prove beyond a reasonable doubt that prior to first being approached by government agents, the defendant was ready and willing to commit the crime. If you find beyond a reasonable doubt that the defendant was predisposed that is, ready and willing to commit the offenses charged, and merely was awaiting a favorable opportunity to commit them, then you should find that the defendant was not the victim of entrapment. On the other hand, if you have a reasonable doubt that the defendant would have committed the offenses charged without the government's inducements, you must acquit the defendant.

1 L. Sand, *et al.,* Modern Federal Jury Instructions 2004 ¶8.07 (Modifications are in italics)

Respectfully submitted,


Jonathan Marks (JM-9696)
Counsel to Defendant Zayed
220 Fifth Avenue, 3rd Fl.
New York, NY 10001
Tel: (212) 545-8008
Fax:   (212) 889-3595