## JONATHAN MARKS, P.C.
ATTORNEY AT LAW
220 FIFTH AVENUE
3RD FLOOR
NEW YORK, NY 10001

E-MAIL: jonmarks@msn.com    TEL: (212) 545-8008
                            FAX: (212) 889-3595

January 31, 2005

The Honorable Sterling Johnson, Jr.
Senior United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    United States v. Mohamed Al-Moayad, et. al.
                  Criminal Docket No. 03-1322 (SJ)

Dear Judge Johnson:

      I am writing to Your Honor on behalf of both defendants in support of a motion *in limine* to preclude the government from introducing or further referring to certain highly incendiary evidence, which is not probative of any element of the crimes charged and whose effect is highly prejudicial. The evidence I refer to is the testimony of victims of and witnesses to a suicide bus bombing in Tel Aviv on September 19, 2002, photographs of the aftermath of the bombing, and testimony and other evidence relating to the destruction of the U. S. S. Cole.

      The government's opening reached its emotional zenith with the following harangue, which --we will show – is unsupported by the evidence:

> In the Frankfurt video tapes, you will see and hear the defendants talk about the group wedding and how that spokesman for Hamas gave a speech during which he noted the coordinated timing of the wedding with a suicide attack in Israel that day.
>
> In the Frankfurt tapes, you will see the defendants laugh and smile when the talk about it, and you will see the defendant Moayad clap when talking about how a suicide attack was schedule to coincide with his mass wedding.

Honorable Sterling Johnson, Jr.
United States District Judge
January 31, 2005
Page 2

   You will hear the defendant Moayad say it was two weddings in one. You will learn that the word wedding is often used by terrorists to mean suicide attack, and you will hear the defendant Zayed say God willing, the next wedding will be a cheerful event for Islam in its entirety. You will learn that there was a terrorist attack in Israel that day.

   And at this trial you will hear from Gideon Black, a 20 year old Scottish law student. On September 19, 2002, Gideon Black was with his cousin in Israel on their way to visit his father for a holiday. The were on the number 4 bus in Tel Aviv when the Hamas suicide bomber got on it and blew it up.

   Gideon Black survived that attack and was able to get off the bus. But he stayed on when he realized that his cousin wasn't with him. As he knelt beside his best friend and watched the life begin to pour out of him from a head wound, Gideon Black began to cry. . . .

   When you see them clapping and cheering and reminiscing about the announcement of that attack at their group wedding, think of Gideon Black and the testimony you'll be hearing from him.

  There is absolutely no evidence that the suicide bombing was coordinated with the mass wedding. There is no evidence that either defendant had anything whatsoever to do with the suicide bombing. Thus, it is not relevant to the charges against the defendants. The government may argue that the fact that defendant Al Moayad learned about the suicide bombing from a speaker at the mass wedding proves that he knew that Hamas engaged in terrorist activities. This is a non-issue. Both defendants will stipulate that they knew that Hamas and Al Qaeda engaged in terrorist acts. The highly inflammatory nature of the government's opening was manifestly improper.

  To the extent that the Court finds that the evidence of the terrorist attack in Tel Aviv is relevant to any issue in this case, its unfair prejudicial effect substantially outweighs any probative value.

Honorable Sterling Johnson, Jr.
United States District Judge
January 31, 2005
Page 3

Under Rule 403 of the Federal Rules of Evidence, relevant evidence may be excluded when its probative valued is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Rule required the district court to apply a balancing test. "To avoid acting arbitrarily, the district court must make a 'conscientious assessment' of whether unfair prejudice substantially outweighs probative value (citation omitted)" *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998). Here, the prejudice attendant to the government's proffered evidence is palpable, and the probative value is slight, at best. It should be excluded.

The government has given notice that it intends to offer evidence of the destruction of the U. S. S. Cole in Aden. We fail to see any relevance to that evidence apart from the weak reed suggested by the government that it proves that the defendants knew that Al Qaeda engaged in terrorism, a fact to which the defendants will stipulate. For the reasons stated above, that evidence should also be excluded.

We also request a stronger curative instruction than the one the court gave. We request that the court immediately charge the jury that the opening statements are not evidence and that if the government refers to evidence that it does not produce, the jury may hold that against the government at the end of its case.

                                          Respectfully submitted,


                                          Jonathan Marks (JM-9696)



cc:    Kelly Moore, Esq.
        Pamela Chen, Esq
        Jeffrey H. Knox, Esq.
        Howard Jacobs, Esq.
        William H. Goodman, Esq.