

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F.#2002R02098

*One Pierrepont Plaza*
*New York 11201*

*Mailing Address:*   147 Pierrepont Street
Brooklyn, New York 11201

March 2, 2005

The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Mohamed Al-Moayad, et al.
            Criminal Docket No. 03-1322(S-1)(SJ)

Dear Judge Johnson:

    The government respectfully submits this letter in response to the defense's letters submitted today concerning the entrapment jury charge.

1. **In Accordance With Second Circuit Precedent, The Court Should Include the Three Factors For Assessing Predisposition In The Jury Charge**

    The three factors for assessing predisposition identified in the Second Circuit's decision in <u>United States v. Salerno</u>, 66 F.3d 544, 547 (2d Cir. 1995), have been bedrock principle in this Circuit for over 30 years, beginning with the Court's decision in <u>United States v. Viviano</u>, 437 F.2d 295, 299 (2d Cir. 1971) ("the Government may prove propensity by showing (1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement"); <u>see also</u>, <u>United States v. Brunshtein</u>, 344 F.3d 91, 101-02 (2d Cir. 2003) (same); <u>United States v. Gantzer</u>, 810 F.2d 349, 351 (2d Cir. 1987) (same); <u>United States v. Valencia</u>, 645 F.2d 1158, 1167 (2d Cir. 1980) (same); <u>United States v. Anglada</u>, 524 F.2d 296, 299 (2d Cir. 1975) (same).

2

Moreover, the recitation of these three <u>Viviano</u> factors in an entrapment jury charge was explicitly approved by the Second Circuit in <u>United States v. Williams</u>, 705 F.2d 603, 618-19 (2d Cir. 1983):

> The . . . charge of entrapment . . . correctly set forth the applicable principles . . . and, following <u>United States v. Viviano</u>, 437 F.2d 295, 299 (2d Cir. 1971), focused the jury's attention on the three possible bases of proving predisposition – a design to commit the offense formed prior to any inducement, a prompt and unhesitating agreement to the corrupt proposal, or an existing course of similar conduct.

<u>See</u> <u>also</u> <u>United States v. Huynh</u>, 1989 WL 46583, *4 (S.D.N.Y. 1989) (extended discussion of why recitation of three factors for assessing predisposition in jury charge is appropriate).

Accordingly, the Court should follow the Second Circuit's guidance on including the three <u>Viviano</u> factors in the entrapment jury charge, and revise the entrapment jury charge as follows (proposed language underlined):

> Thus, a defendant may not be convicted of a crime, if it was a government agent who not only gave the defendant the idea to commit the crime, but also persuaded him to commit a crime that he was not predisposed – or ready and willing – to commit <u>before the confidential informant or informants first spoke with him in the context of his work as a government informant.</u> ~~Such willingness must be evidenced by a 'ready response' by the defendants to the government's inducement, before the confidential informant or informants first spoke with him in the context of his work as a government informant~~ <u>Predisposition may be shown by evidence of: an existing course of criminal conduct similar to the crime for which the defendant is charged, an already formed design on the part of the defendant to commit the crime for which he is charged, or a willingness to commit the crime for which he is charged as evidenced by the defendant's ready response to the inducement.</u>

3

2.  **The Court's Ruling Today On Derivative Entrapment Was Correct**

    The Court already has already ruled – today – that the inclusion of the instruction in the entrapment jury charge concerning derivative entrapment was proper, and denied the defendant Zayed's request to eliminate it. The Court was correct. The defendant's analysis of the law on this issue in its letter submitted today is simply wrong. There are two Second Circuit decisions that directly address this issue, United States v. Pilarinos, 864 F.2d 253, 255-56 (2d Cir. 1988), and United States v. Toner, 728 F.2d 115, 126-27 (2d Cir. 1984). These cases make clear that in limited situations, where the government uses an "unwitting middleman" to induce someone else into committing a crime, the person induced may offer an entrapment defense. United States v. Pilarinos, 864 F.2d 253, 255-56 (2d Cir. 1988). However, where the individual directly induced by the government "takes it upon himself to induce another person to participate in the crime, the latter person is not entitled to a derivative entrapment charge." Id.; see also United States v. Toner, 728 F.2d 115, 126-27 (2d Cir. 1984).

    Accordingly, the Court's instruction on the inducement prong of entrapment was proper.

                                    Respectfully submitted,

                                    ROSLYNN R. MAUSKOPF
                                    United States Attorney

                            By:     _____
                                    Jeffrey H. Knox
                                    Assistant U.S. Attorney

cc: Clerk of the Court (SJ)
    Bill Goodman, Esq.
    Howard Jacobs, Esq.
    Jonathan Marks, Esq.