**JONATHAN MARKS, P.C.**
ATTORNEYS AT LAW
**220 FIFTH AVENUE**
**3RD FLOOR**
**NEW YORK, N.Y. 10001**

E-MAIL: jonmarks@msn.com            TEL: (212) 545-8008
                                                                                  FAX: (212) 889-3595

August 30, 2005

The Honorable Sterling Johnson, Jr.
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                 Re:    United States v. Mohammed Zayed
                          <u>Criminal Docket No. 03-1322-2 (SJ)</u>

Dear Judge Johnson:

     I am writing in support of Mohammed Zayed's request that Your Honor impose a sentence substantially below the Guidelines range on the basis of the factors set forth in 18 U.S.C. § 3553(a). For purposes of this submission, I assume, as I must, that the verdict was supported by the evidence.

     I respectfully urge the court to impose a lenient sentence because, as detailed below, (a) there is no evidence that Zayed actually engaged in providing support to terrorist organizations, (b) his participation in the conspiracy was minimal, (c) he was, at most, a reluctant member of the conspiracy, and (d) he has devoted much of his life to helping the poor and has always been law-abiding and an outspoken opponent of terrorism.

While there was evidence that Al-Moayad had previously provided material support to Hamas, there was no evidence that Zayed ever had or in any way had assisted Al-Moayad in that regard. His participation in the Frankfurt conversations was minimal. He barely had a speaking part. Zayed was most reluctant to go along with the plan to funnel money to Hamas and never said anything to suggest that he wanted to help Al Qaeda. This is demonstrated by the informants' efforts to get Zayed to commit himself to the scheme. Sherif, through Alanssi, asked Zayed, "Where will you use my money?" Zayed answered, "In God's hands if He is willing." When they tried to pin him down, the most he would say is that "Of course, we'll do what we can." (Gov Ex. T-5, p. 16). He never truly committed himself to Sherif's proposal.

Zayed had no desire to aid Hamas and certainly not Al Qaeda. Rather, his aim was to obtain ten percent of the money for the bakery and other charitable ventures in which he was involved, as Sherif had promised. Thus, in a private conversation with Al-Moayad, he said "Sheikh, we wish to get rid of this, Hamas's portion. Why not get rid of it? . . . They [Hamas] can receive it themselves, Sheikh." (Gov. Ex. T-11, p. 9) He was trying to figure out a way to keep the 10% for the bakery and other charitable ventures without acting as a conduit between Sherif and Hamas.

Zayed's two character witnesses described him as a peaceful man devoted to the poor and opposed to violence. There is nothing in his background which suggests otherwise. As confirmed by the tapes and even Alanssi to some extent, the character witnesses describe Zayed's role in managing a large bakery for the poor, which fed 1000 poor families a day. That was Zayed's life work. As the witnesses testified, Zayed frequently denounced terrorists as enemies of Islam.

Zayed has been in solitary confinement for over two and a half years. Once he is sentenced, his conditions of confinement will become harsher still. For such a minor, passive participant, any further prison sentence under such conditions would be draconian.

In Israel, which has an immeasurably greater interest than the United States in curbing Hamas, the crime of providing material support to a terrorist organization is punishable by a maximum prison sentence of three years.

Specifically, '4(d) of the Israeli Prevention Ordinance of 1948 provides:

> A person who. . .gives money or money's worth for the benefit of a terrorist organization. . .shall be guilty of an offence and shall be liable on conviction for a term not exceeding three years or to a fine not exceeding one thousand pounds or both to such penalties.[1]

The undue harshness of the Guidelines and the statutory maximum sentences is, I suggest, demonstrated by comparing them to the sentence Zayed would be facing in Israel. A Guidelines sentence on the Hamas accounts would violate the Eighth Amendment prohibition against cruel and unusual punishment and the due process process clause of the Fifth Amendment. *See, Roper v. Simmons,* 543 U. S. \_\_\_\_\_ (2005).

---

[1] Available at:

www.mfa.gov.il/MFA/MFAArchive/1900_1949/Prevention%20of%20Terrorism%20Ordinance%20No%2033%20of%20570819

In citing to this section, we are not admitting that defendants are in violation of Israeli Law.

3

Contrary to the Government's argument in opposition to Al-Moayad's sentencing letter, the Court is not bound by the Sentencing Guidelines but should consider them as well as the factors set forth in 18 U.S.C. 3553(a) in determining an appropriate sentence. Zayed's role was minimal, compared with Al-Moayad's. I urge the Court to impose a sentence greatly below the Sentencing Guidelines range or the statutory maximum.

Respectfully submitted,

Jonathan Marks (JM-9696)

cc: Kelly Moore, Esq.
Pamela Chen, Esq.
Jeffrey Knox, Esq.