```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - -    X
    UNITED STATES OF AMERICA,     :    CR 03-1322

                                  :
                                                    P.M.
                                                    TIME A.M.
         -against-                :
                                       United States Courthouse
    MOHAMMED ALI AL-MOAYAD        :    Brooklyn, New York
    MOHAMMED MOHSEN ZAYED

                                       May 27, 2004
         Defendants.              :    9:30 o'clock   a.m.

    - - - - - - - - - - - - -    X


                TRANSCRIPT OF ARRAIGNMENT
          BEFORE THE HONORABLE STERLING JOHNSON
              UNITED STATES DISTRICT JUDGE


    APPEARANCES:


    For the Government:          PAMELA CHEN
                                 Assistant United States Attorney
                                 One Pierrepont Plaza
                                 Brooklyn, New York


    For the Defendants:          HOWARD L. JACOBS, ESQ.
                                 Attorney for Al-Moayad



                                 JONATHAN MARKS, ESQ.
                                 Attorney for Zayed


            GR      OCR      CM      CRR      CSR
```

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. JUL 25 2006

I hereby certify that the foregoing is a true and accurate transcript from my stenographic notes in this proceeding.

Official Court Reporter U.S. District Court

```
                                                                    2
 1   Court Reporter:           Gene Rudolph
                               225 Cadman Plaza East
 2                             Brooklyn, New York
                               (718) 613-2538
 3

 4   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
 5

 6

 7

 8             THE CLERK:  United States of America versus Mohammed
 9   Al-Moayad and Mohammed Zayed.
10             MR. MARKS:  We are waiting for Mr. Jacobs, Your
11   Honor.
12             THE COURT:  Where is he?
13             MR. MARKS:  I don't know.
14             MS. CHEN:  We do not know.
15             THE COURT:  We are not going to wait for that.
16             MR. MARKS:  I think we should.  I suggest that we
17   wait.
18             THE COURT:  No.
19             MR. MARKS:  Okay.
20             MS. CHEN:  Suggestion denied.
21             THE COURT:  Swear the interpreter, please.
22             THE CLERK:  Two interpreters, please.
23             (Two interpreters duly sworn by the Clerk of Court.)
24             THE COURT:  Counsel?
25             MR. MARKS:  Yes, Your Honor.
```

3

1  THE COURT: Mr. Jacobs is not here.
2  Whom do you represent?
3  MR. MARKS: I represent Mr. Zayed.
4  THE COURT: Okay. What is your pleasure?
5  MR. MARKS: Your Honor, I would like to set an early
6  trial date. Mr. -- as Your Honor knows, Mr. Zayed is being
7  held under very onerous conditions. He has virtually no human
8  contact. He is in solitary confinement. He complains about
9  the portions of food that he receives and the -- and the hours
10 at which his meals are delivered. He has very limited reading
11 matter. He had two books at one time. Now he has only one.
12 THE COURT: He doesn't like the food and he doesn't
13 like the hours it is served?
14 MR. MARKS: No. The food is all right but he gets
15 small portions. He is constantly hungry. So he's up at
16 night.
17 THE COURT: Which one is your client?
18 MR. MARKS: The gentleman sitting in the jury box,
19 Your Honor.
20 THE COURT: Okay.
21 MR. MARKS: He also -- the main problem, of course,
22 is that he -- his psychological condition is deteriorating
23 because he has virtually no human contact. It is exceedingly
24 difficult for him and he is afraid that if he has to wait very
25 much longer to go to trial, that he is going to go crazy.

4

1   THE COURT:  There are extensive motions, as I
2   recall, that there were documents in Arabic that had to be
3   translated.  In fact, I designated this as a complex case.
4   MR. MARKS:  That is true.
5   In terms of the motions, Your Honor, our motions are
6   now due June 1st.  I request an additional week.  I don't
7   think they are going to be all that extensive, frankly.  But
8   to the extent that the -- but, nevertheless, even if we set a
9   motion schedule, I would ask for a trial date shortly
10  thereafter.
11  MS. CHEN:  Your Honor, I spoke to Mr. Marks about
12  that.  That is almost impossible.  I think he is suggesting
13  something in late July.  The government's response is due in
14  early July under the current schedule.  If Mr. Marks is
15  granted another week, our motions would be due the middle of
16  July.  He would be asking for trial two weeks thereafter.
17  As the Court pointed out --
18  THE COURT:  He is making his record.  That would be
19  impossible because I do have other trials before you.  They
20  are significant also.
21  MR. MARKS:  Sure.
22  MS. CHEN:  In terms of a trial date, Your Honor,
23  there is voluminous evidence in this case.  As the Court is
24  aware, there are reams and reams of CDs that record
25  conversation --

1  THE COURT: I am not aware of. I am aware of what
2  you say there are.
3  MS. CHEN: There is a massive volume of discovery.
4  There are technical issues here because they are all recorded
5  in Germany. We have tried to overcome a number of technical
6  hurdles in terms of having them converted in a format that can
7  be used here. We are actually still in the process of
8  producing information as we get it to the defense counsel,
9  although we are getting very close, I think, to having
10 produced all the discovery.
11       That being said, Your Honor, everything has to be
12 translated from either German or Arabic into English. There
13 is a lot more work to be done. I think any kind of trial
14 date, even in early fall, would be almost impossible; I think
15 for both parties, I'd venture to say.
16       Although I know Mr. Jacobs -- I mean, Mr. Marks is
17 presenting an issue that is somewhat unrelated to discovery or
18 trial prep, I just don't think that should drive us into a
19 hasty schedule. I think it's premature at this time to set a
20 date until we decide --
21       THE COURT: Until all of the discovery has been
22 turned over to the defendant. Notwithstanding -- well, what
23 counsel says, notwithstanding the concerns of the defendant,
24 we have to proceed in an orderly fashion. I am sympathetic to
25 the plight of the defendant and I will move this case as

1  expeditiously as possible once everything has been done.  As I
2  said before, I am sympathetic to his particular plight and
3  every defendant has a right to a fair and speedy trial.  That
4  will happen.
5          MS. CHEN:  Your Honor, may I suggest to the extent
6  that Mr. Marks is raising potential mental health issues that,
7  if appropriate, some sort of mental health examination or
8  consultation can be arranged in the jail, if Mr. Marks thinks
9  that's appropriate, to deal with depression or other issues.
10         MR. MARKS:  Yes.  I certainly request that.  I think
11 that's a good idea, particularly if it involves several
12 visits.
13         Now, I don't think that, frankly, that an
14 examination is required.  I am not asking for one.  I don't
15 think that his competence is at issue.
16         What is at -- but to the extent that he could talk
17 to a psychologist once a week or something like that, that
18 would be extremely helpful.
19         THE COURT:  You will make arrangements.
20         MS. CHEN:  We will try to make that arrangement
21 today.
22         THE COURT:  Okay.
23         MR. MARKS:  I am grateful for that.
24         THE COURT:  What's the next date?
25         MS. CHEN:  The next -- we don't have a date yet.

1  Your Honor, except for the motions, as Mr. Marks mentioned,
2  are due June 1st.
3         THE COURT: When do you think all of the discovery
4  will be completed, all of the transcriptions will be
5  completed?
6         MS. CHEN: Final transcripts probably won't be
7  completed for a while but I think most -- I would say
8  discovery will be completed in -- nearly all completed by the
9  end --
10         THE COURT: When will you be at a stage where they
11  can make motions?
12         MS. CHEN: I think we are at that point already,
13  Your Honor. I think we have a schedule for motions.
14         I think we will have given over all the discovery
15  and feel confident that it is complete and doesn't have any
16  technical glitches probably by the end of June.
17         THE COURT: What would be a good control date?
18         MS. CHEN: My suggestion is perhaps shortly after
19  the government files its responses, in mid-July, if you are
20  agreeable, Your Honor.
21         MR. MARKS: Mid-July? Sure. How about July 22nd,
22  Your Honor?
23         THE COURT: July 22nd.
24         This is your client over here in the jury box. We
25  will have to call Mr. Jacobs's client again when he shows.

GR    OCR    CM    CRR    CSR

1    MR. MARKS:  Yes, Your Honor.
2    THE COURT:  Okay.
3    MS. CHEN:  Thank you, Your Honor.
4    THE COURT:  All right.
5    MR. MARKS:  Shall I sit tight?
6    THE COURT:  That's the only thing you can do.
7    MR. MARKS:  Okay.  Thank you, Your Honor.
8    THE COURT:  That's the toughest part of these cases,
9  is to wait.
10   MR. MARKS:  I have become expert at that.
11   THE COURT:  Just a second.
12   Your lawyer will be here.  He is late.  We are going
13 to call you again.
14   MR. MARKS:  Mr. Zayed will be called at the same
15 time, Your Honor?  Will he be back here or not?
16   THE COURT:  No; just this defendant.
17   MR. MARKS:  Thank you.
18   THE COURT:  Mr. Jacobs's client.
19   (Continued on next page.)

1  THE CLERK: Second call, on Mohammed Al-Moayad.
2  THE COURT: Your lawyer is not here. We don't know
3  where he is.
4  What I am going to do -- would it be easier to keep
5  him around? I am not going to wait for Mr. Jacobs. I have
6  other things to do. Bring him back tomorrow? Would it be too
7  much of a problem?
8  THE DEFENDANT: They wake me up at 4:00 o'clock. I
9  come over here. It's enough one day. I have the bronchial
10 asthma. I also -- I have heart problem. I have diabetes. Up
11 to now I haven't eaten anything. My health condition is very
12 bad. There is no health care in the prison. I am just asking
13 for justice of the judge.
14 THE COURT: We are going to have to bring you back.
15 You have to appear before me.
16 The question is, when do you want to be back here?
17 Do you want to come back tomorrow with your lawyer or do you
18 want another day?
19 THE DEFENDANT: Whenever the trial is going to start
20 I will be here.
21 THE COURT: No. We are not at the trial stage yet.
22 Ms. Chen?
23 MS. CHEN: I have a suggestion, Your Honor. I can
24 contact Mr. Jacobs, inform him of what transpired during
25 Mr. Zayed's appearance. If Mr. Jacobs feels it necessary to

10

1  bring his client back in to discuss something further about
2  the schedule or any other issues, he can ask the Court to
3  schedule a reappearance next week or something like that, so
4  as not to inconvenience Mr. Al-Moayad again, who is obviously
5  complaining about the hour that he is woken up and his health
6  issues.
7            That's just a suggestion.
8            THE COURT:  When was his codefendant on again?
9            MS. CHEN:  The next date we have is July 22nd, I
10 believe.
11           THE CLERK:  Yes.
12           THE COURT:  I've already designated this as a
13 complex case.  I will also exclude time due to the fact of the
14 unavailability of counsel.
15           We will put this case on for that particular day.
16 If Mr. Jacobs comes in, let him contact you.  He will contact
17 chambers and we will put it on for that particular day.
18           MS. CHEN:  Great, Your Honor.
19           I will advise him if he wants to come in sooner, he
20 can request that.
21           THE COURT:  How long will it take the try this case?
22           MS. CHEN:  I would estimate, four, five weeks, Your
23 Honor.
24           THE COURT:  For a smurfing case.
25           MS. CHEN:  No.  This is a materials support case.

```
 1              THE COURT:  Material support?
 2              MS. CHEN:  That is correct, Your Honor.
 3              THE COURT:  Four to five weeks?
 4              MS. CHEN:  Yes.  At minimum, I would say.
 5              THE COURT:  When do you think all the discovery will
 6   be completed?
 7              MS. CHEN:  By the end of June, I am fairly
 8   confident, we will have everything turned over.
 9              THE COURT:  Okay.
10              MS. CHEN:  Thank you, Your Honor.
11              THE COURT:  All right.
12              THE DEFENDANT:  Is it possible for me to get another
13   attorney beside Mr. Jacobs?
14              THE COURT:  No.
15              Do you have money for another attorney?
16              THE DEFENDANT:  I don't have money.  But I don't
17   know how much the attorney needs.
18              THE COURT:  No.  Mr. Jacobs is a very, very good
19   attorney, a very experienced attorney.  I am not going to
20   relieve Mr. Jacobs.
21              THE DEFENDANT:  I am just asking for another
22   attorney to be next to Mr. Jacobs.
23              THE COURT:  No.  I will deny that request at this
24   time.
25              THE DEFENDANT:  Is it possible for the judge to
```

1  request for the prison to take care of me with regard to the
2  health condition?
3           THE COURT:  Mr. Jacobs has sent me a letter and when
4  Mr. Jacobs comes in, we will address his concerns.  I will
5  speak to Mr. Jacobs about that matter.  You will be here with
6  him.  Mr. Jacobs will probably be speaking to you today or
7  tomorrow.  We will set something up to address those concerns.
8           MS. CHEN:  In the meantime, Your Honor, for the
9  record, I am inquiring into the issues raised by Mr. Jacobs
10 regarding the defendant's health care and other issues
11 relating to the jail.
12          THE COURT:  Okay.  All right.
13          (Matter concludes.)

GR    OCR    CM    CRR    CSR